Glenn R. Kantor Esq. - SBN 122643
E-mail: gkantor@kantorlaw.net
Corinne Chandler Esq. – SBN 111423
E-mail: cchandler@kantorlaw.net
Brent D. Brehm, Esq. – SBN 248983
E-mail: bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
Alex Lavita

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LAVITA,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | CASE NO.<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff, Alex Lavita, herein sets forth the allegations of his Complaint against Defendants UNUM Life Insurance Company of America.

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as a Defendant. Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due him under his plan, prejudgment and postjudgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of QRS Corporation and was a resident in the County of San Francisco, State of California.

3. Plaintiff is informed and believes that Defendant UNUM Life Insurance Company of America ("UNUM") is a corporation with its principal place of business in the State of Maine, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California. UNUM is the insurer of benefits under the QRS Corporation Long Term Disability Plan (hereinafter "LTD Plan"), Policy Number 382306, and acted in the capacity of the plan insurer and plan claims administrator. Policy Number 382306 was issued to QRS Corporation in the County of San Francisco and provides that it is governed by the laws of California.

4. Plaintiff is informed and believes that Defendant LTD Plan is an employee welfare benefit plan regulated by ERISA, established by QRS Corporation under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan.

5. Defendant can be found in this judicial district and defendant administered the LTD Plan in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

**FIRST CLAIM FOR RELIEF**

**AGAINST UNUM LIFE INSURANCE COMPANY OF AMERICA FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS**

**(29 U.S.C. § 1132(a)(1)(B))**

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, Plaintiff was employed by QRS Corporation and was a covered participant under the terms and conditions of the LTD Plan.

8. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan in June 2003. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

9. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to UNUM for LTD benefits under the LTD Plan. UNUM assigned Plaintiff claim number 515577. UNUM approved Plaintiff's claim, and paid benefits to Plaintiff until April 21, 2016, when it terminated his benefits, claiming that he was no longer totally disabled under the terms of the LTD. Plaintiff timely appealed UNUM's denial on or about July 18, 2016.

10. On or about September 1, 2016, Unum contacted plaintiff, through counsel and provided him with an opportunity to comment on evidence generated during the appeal. In said correspondence, Unum advised that it required a response by October 1, 2016.

11. On or about September 28, 2016, plaintiff, through counsel, submitted a response to the evidence generated on appeal. On or about September 29, 2016, Unum contacted plaintiff's counsel herein and acknowledged receipt of the

September 28th submission. Unum promised to review the submission and notify plaintiff of its decision.

12. More than 90 days has elapsed since plaintiff's submission of the appeal and the September 28, 2016 submission. As a consequence, plaintiff's claim is "deemed exhausted" and he has exhausted his administrative remedies.

13. Defendant UNUM breached the Plan and violated ERISA in the following respects:

a. Failing to pay the full and proper amount of LTD benefits to Plaintiff at a time when UNUM knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and, therefore, entitled to the disputed benefits;

b. Failing to comply with 29 C.F.R. 2560-503-1 by not rendering a decision on appeal within 45 days after its submission or within 90 days if exceptional circumstances justified an extension.

c. Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

d. After Plaintiff's claim was denied in whole or in part, Unum failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's claim along with an explanation of why such material is or was necessary; and

e. Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

14. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied his disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

15. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

16. As a proximate result of the aforementioned wrongful conduct of UNUM, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

17. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

18. The wrongful conduct of UNUM has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to an award of LTD benefits, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: April 5, 2017 KANTOR & KANTOR, LLP

By *__/s/ Corinne Chandler__*
Corinne Chandler
Attorney for Plaintiff
Alex Lavita